# UNITED STATES EX REL. RED RIVER LUMBER COMPANY *v.* FISHER.

---

### PUBLIC LANDS; MANDAMUS.

The determination by the Secretary of the Interior that the commencement of an investigation, as to the entryman's compliance with the home-

stead law, before the expiration of the two-year period, constituted
a "pending contest or protest" within the meaning of the act of
Congress of March 3, 1891, 26 Stat. at L. 1095, chap. 561, U. S. Comp.
Stat. 1901, p. 1535, is a possible construction of the act, and will not
be reviewed on mandamus. (Following *Fisher* v. *United States*, 37
App. D. C. 436; and *United States ex rel. McKenzie* v. *Fisher,
ante,* 7.)

No. 2439.    Submitted October 9, 1912.    Decided November 4, 1912.

HEARING on an appeal by the relator from a judgment of the
Supreme Court of the District of Columbia dismissing appel-
lant's petition for a writ of mandamus, to compel appellees, the
Secretary of the Interior and the Commissioner of the General
Land Office, to revoke the cancelation of the entry to certain
public lands and to issue a patent therefor.          *Affirmed.*

The facts are stated in the opinion.

*Mr. William C. Prentiss* and *Mr. John B. Clark,* for the ap-
pellant.

*Mr. Charles W. Cobb,* Assistant Attorney General, *Mr. F.
W. Clements,* First Assistant Attorney, and *Mr. C. Edward
Wright,* Assistant Attorney, for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a judgment of the supreme court of
the District of Columbia dismissing appellant's petition for a
writ of mandamus to require the Secretary of the Interior and
the Commissioner of the General Land Office to revoke the can-
celation of the entry to certain public lands, and to issue a pat-
ent therefor.

Appellant claims the right to mandatory relief under the
provisions of the 7th section of the act of Congress of March
3, 1891, 26 Stat. at L. 1095, chap. 561, U. S. Comp. Stat. 1901,
p. 1535, which provides: "That after the lapse of two years

from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber-culture, desert-land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him."

It appears that the homestead entry in question was made on June 11, 1900; that final proof and payment were made on February 28, 1906, when a final certificate was issued to the entryman by the register of the local land office. The Commissioner of the General Land Office, by letter dated June 29, 1907, called the attention of the acting chief of field division at Oakland, California, within whose jurisdiction the land was situated, to certain statements contained in the entryman's final proof, and stated that, in view of said statements, the office desired an investigation made as to the entryman's compliance with the homestead law. This appears to be all that was done by the Department within the two-year period provided by the statute, but on August 27, 1908, the special agent who had made the investigation reported: "(1) That claimant has failed to establish and maintain residence on the land in question; (2) that claimant has never cultivated or improved the land in question, except to construct a small frame house 16 x 24 feet in dimensions; (3) that claimant has cut and removed, for the purpose of sale, about 327,000 feet of timber from the land in question." This report was made the basis of the proceedings which led to the cancelation of the entry.

The sole question presented turns upon the interpretation placed upon the act of Congress by the Secretary of the Interior. It is manifest that in the disposition of the case he was called upon to interpret the statute. That he may have wrongfully construed it will not authorize the issuance of the writ. The letter to the chief of field division, calling for an investigation, instigated by disclosures made in entryman's own testimony, opened the investigation, which was pending at the expiration of the two-year period, and which ultimately led to the

cancelation of the entry. It was for the Secretary to determine whether or not this constituted a protest or contest within the statute. He held that it did. His construction of the act was a possible one, and will not, therefore, be reviewed in mandamus. *Fisher* v. *United States,* 37 App. D. C. 436; *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356, affirming 33 App. D. C. 302; *United States ex rel. McKenzie* v. *Fisher, ante,* 7.

The judgment dismissing the petition is affirmed, with costs.

*Affirmed.*

On November 12, 1912, the appellant applied for the allowance of a writ of error from the Supreme Court of the United States.

The application was denied November 18, 1912, Mr. Chief Justice Shepard delivering the opinion of the Court:

On consideration of the motion for the allowance of a writ of error to remove the above-entitled cause to the Supreme Court of the United States, it is by the court this day ordered that said motion be, and the same is hereby, denied on the authority of *United States ex rel. Jones* v. *Fisher,* 225 U. S. 708, 56 L. ed. 1267, 32 Sup. Ct. Rep. 839, and *United States ex rel. Jones* v. *Fisher,* 38 App. D. C. 46.